UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| In re:<br><br>1ST NEW ENGLAND MORTGAGE CORPORATION,<br><br>                Debtor. | CHAPTER 7<br>CASE NO. 14-15829-JNF |
| STEWART F. GROSSMAN, CHAPTER 7 TRUSTEE<br><br>                Plaintiff,<br><br>v.<br><br>DAVID W. BLACK,<br><br>                Defendant. | ADV. PROC. NO. 16-1129 |

**ANSWER OF DEFENDANT DAVID W. BLACK TO PLAINTIFF'S
COMPLAINT WITH AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendant, David W. Black ("Black"), hereby answers the Complaint of Stewart F. Grossman, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of 1st New England Mortgage Corporation (the "Debtor") as follows:

The first paragraph of the complaint is not numbered and is an introduction to the Complaint to which no response is required.

1. Admitted.

2. Admitted.

3. The allegations in Paragraph 3 contain conclusions of law to which no response is required. Black further responds and states that he does not consent to the entry of final orders and judgment by the Bankruptcy Court in this adversary proceeding.

7309105v1

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted as to the first sentence. Black denies the second sentence and further states that Bradley Black was a director.

8. Admitted. Black further responds and states that Bradley Black was the controller of the Debtor.

9. Black admits that the Debtor made two mortgage loans to Roger and Neira Bloat in the approximate amount of $500,000. Black denies the second sentence of Paragraph 9 and further states that pursuant to the terms of the loan program that the loan to the Bloats was made, the Debtor was contractually prohibited from verifying the borrower's income in connection with making the loans.

10. Denied. The Debtor's sold the loan to Aurora Bank.

11. Black admits to the first sentence of Paragraph 11 and denies the allegations contained in the second sentence of Paragraph 11. Black admits that the Debtor did not repurchase the loans. Black further responds and states that the Debtor responded to Lehman Bros.[1] 2007 letter with a request for additional information and clarification on the request to repurchase but Lehman Bros never replied to the Debtor's response.

12. Admitted.

13. Black is without knowledge or information sufficient enough to form a belief as to the truth of the allegations contained in Paragraph 13.

14. Black admits that the Lehman Bros. litigation had a negative impact on the

---

[1] Capitalized terms used herein shall have the same meaning ascribed to such capitalized terms used and defined in the Trustee's Complaint.

2

7309105v1

Debtor's business.

15. Black is without knowledge or information sufficient enough to form a belief as to the truth of the allegations contained in Paragraph 15.

16. Black is without knowledge or information sufficient enough to form a belief as to the truth of the allegations contained in Paragraph 16.

17. Black denies that the Debtor's 2011 financial statement was an audited financial statement. Black states that the Debtor's 2011 financial statement speaks for itself. Black admits to the last sentence of Paragraph 17.

18. Admitted.

19. Admitted.

20. Black denies that the Debtor's 2012 financial statement was an audited financial statement. Black admits that the Lehman Bros lawsuit was pending as of December 31, 2012. As for the remaining allegations in Paragraph 20 Black states that the Debtor's 2012 financial statements speak for themselves.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Denied.

26. Admitted.

27. Admitted.

28. Black is without knowledge or information sufficient enough to form a belief as to the truth of the allegations contained in Paragraph 28.

3

29. The Lehman Bros. proof of claim speaks for itself.

30. Black admits that Todd & Weld was counsel to the Debtor in the Lehman Bros. litigation. As for the remaining allegations in Paragraph 30, Black states that the Todd & Weld LLP proof of claim speaks for itself.

31. The Debtor's bankruptcy schedules speak for themselves.

32. Admitted.

33. Denied. Black further responds and states that his compensation as an officer of the Debtor was based on the performance of the Debtor's business.

34. The documents that the Trustee relies upon for the Debtor's 2009 net revenues and officer compensation paid to Black speak for themselves.

35. The documents that the Trustee relies upon for the Debtor's 2010 net revenues and officer compensation paid to Black speak for themselves.

36. The documents that the Trustee relies upon for the Debtor's 2011 net revenues and officer compensation paid to Black speak for themselves.

37. The documents that the Trustee relies upon for the Debtor's 2012 net revenues and officer compensation paid to Black speak for themselves.

38. The documents that the Trustee relies upon for the Debtor's 2013 net revenues and officer compensation paid to Black speak for themselves.

39. Black admits that in 2014 the Debtor was winding down its business. As to the remaining allegations in Paragraph 39, the documents that the Trustee relies upon for the officer compensation paid to Black speak for themselves.

40. Black admits that he has always been the sole shareholder of the Debtor and that he received distributions from the Debtor from time to time as the sole shareholder of the Debtor.

Black also admits that from time to time Black would charge personal expenses on the Debtor's credit cards and the cost of the personal expenses incurred each year would be captured on the books and records of the Debtor as an equity distribution to him as the sole shareholder of the Debtor.  Black also admits that from time to time the Debtor would make direct payments to Black and taxing authorities, on behalf of Black to satisfy Black's state and federal income tax liabilities.  These payments were also accounted on the books and records of the Debtor as an equity distribution to him as the sole shareholder of the Debtor.  Black further responds and states that in any given year the distributions the Debtor made to Black, in addition any and all net income of the Debtor, whether distributed or retained by the Debtor, were accounted for and treated as personal income to Black as the sole shareholder of the Debtor.

41. Denied.  Black further responds and states that he received distributions based on the performance of the Debtor's business and all such distributions were personal income to Black.

42. Black denies that the Debtor's 2010 financial statements were audited.  Black further responds and states that the Debtor's 2010 financial statements speak for themselves.

43. Denied.

44. The documents that the Trustee relies upon for the distributions Black received from the Debtor in 2011 speak for themselves.

45. The Debtor's 2011 federal income tax return speaks for itself.

46. Denied.

47. The documents that the Trustee relies upon for the distributions Black received from the Debtor's 2012 speak for themselves.  Black is without knowledge or information sufficient enough to form a belief as to the truth of the remaining allegations in Paragraph 47.

48. The documents that the Trustee relies upon for the distributions Black received from the Debtor in 2012 speak for themselves. Black is without knowledge or information sufficient enough to form a belief as to the truth of the remaining allegations in Paragraph 48.

49. Black admits that from time to time the Debtor made distributions to Black which were treated as personal income to Black as the Debtor's sole shareholder. Black admits that he would use the proceeds of such distributions to contribute to his children's college fund accounts and make estimated state and federal tax payments. Black further admits that much of the contributions made to his children's college fund accounts were made in the early 2000s. Black is without knowledge or information sufficient enough to form a belief as to the truth of the remaining allegations in Paragraph 49.

50. Black is without knowledge or information sufficient enough to form a belief as to the truth of the allegations in Paragraph 50. Moreover, the documents that the Trustee relies upon to assert the allegations contained in paragraph 50 speak for themselves.

51. Black is without knowledge or information sufficient enough to form a belief as to the truth of the remaining allegations in Paragraph 51. Moreover, the documents that the Trustee relies upon to assert the allegations contained in paragraph 51 speak for themselves.

52. The Debtor's 2012 federal income tax return speaks for itself.

53. Denied.

54. Denied.

55. Black admits that in or around September 2013, he purchased home furnishings. Black is without knowledge or information sufficient enough to form a belief as to the truth of the remaining allegations in Paragraph 55. Moreover, the documents that the Trustee relies upon to assert the allegations contained in paragraph 55 speak for themselves.

6

56. Black is without knowledge or information sufficient enough to form a belief as to the truth of the remaining allegations in Paragraph 56. Moreover, the documents that the Trustee relies upon to assert the allegations contained in paragraph 56 speak for themselves.

57. Black is without knowledge or information sufficient enough to form a belief as to the truth of the allegations in Paragraph 57. Moreover, the documents that the Trustee relies upon to assert the allegations contained in paragraph 57 speak for themselves.

58. The Debtor's 2013 federal income tax return speaks for itself.

59. Denied.

60. Black admits that in 2014 the Debtor was winding down. Black denies the remaining allegations in Paragraph 60. Black further responds and states that in 2014 he loaned money to the Debtor to pay expenses in connection with the wind down of the Debtor's business.

61. Black is without knowledge or information sufficient enough to form a belief as to the truth of the allegations in Paragraph 61. Moreover, the documents that the Trustee relies upon to assert the allegations contained in paragraph 61 speak for themselves.

62. Denied.

63. Black denies the allegation that he lacked equity in the Debtor between January 1, 2011 and the Petition Date. Black is without knowledge or information sufficient enough to form a belief as to the truth of the remaining allegations in Paragraph 63. Moreover, the documents that the Trustee relies upon to assert the allegations contained in paragraph 63 speak for themselves.

64. Denied.

65. Denied.

7309105v1

## COUNT I
### (Fraudulent Transfer – 11 U.S.C. § 544; M.G.L. c. 109a, §§ 5, 6)

66. The Defendant incorporates by references his answers to paragraphs 1 through 65 of the Complaint.

67. Black is without knowledge or information sufficient enough to form a belief as to the truth of the allegations in Paragraph 67.

68. Black admits that he received compensation from the Debtor within the four years prior to the Petition Date. Black denies the remaining allegations in Paragraph 68.

69. Black admits that he received distributions from the Debtor within the four years prior to the Petition Date. Black denies the remaining allegations in Paragraph 69.

70. Black is without knowledge or information sufficient enough to form a belief as to the exact amount of the Four Year Transfers. Black denies the remaining allegations in Paragraph 70.

71. Denied.

72. Black admits that he is an insider of the Debtor. Black is without knowledge or information sufficient enough to form a belief as to the exact amount of the Four Year Transfers. Black denies the remaining allegations in Paragraph 72.

73. Black is without knowledge or information sufficient enough to form a belief as to the exact amount of the Four Year Transfers. Black admits that during the four year period prior to the Petition Date the Lehman Bros. litigation was pending against the Debtor up until the time that final judgment entered against the Debtor in the litigation.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## COUNT II
### (Fraudulent Transfer – 11 U.S.C. § 548)

78. The Defendant incorporates by references his answers to paragraphs 1 through 77 of the Complaint.

79. Black admits that he received compensation from the Debtor within the two years prior to the Petition Date. Black denies the remaining allegations in Paragraph 79.

80. Black admits that he received distributions from the Debtor within the two years prior to the Petition Date. Black denies the remaining allegations in Paragraph 80.

81. Black is without knowledge or information sufficient enough to form a belief as to the exact amount of the Two Year Transfers. Black denies the remaining allegations in Paragraph 81.

82. Denied.

83. Black admits that he is an insider of the Debtor. Black is without knowledge or information sufficient enough to form a belief as to the exact amount of the Two Year Transfers. Black denies the remaining allegations in Paragraph 83.

84. Black is without knowledge or information sufficient enough to form a belief as to the exact amount of the Two Year Transfers. Black admits that during the two year period prior to the Petition Date the Lehman Bros. litigation was pending against the Debtor up until the time that final judgment entered against the Debtor in the litigation.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

9

## COUNT III
### (Improper Distributions – M.G.L. c. 156D, §§ 6.40, 6.41)

89.    The Defendant incorporates by reference his answers to paragraphs 1 through 88 of the Complaint.

90.    Admitted.

91.    Black admits that he received distributions from the Debtor during the alleged time period.  Black is without knowledge or information sufficient enough to form a belief as to the exact amount of distributions received.

92.    Black admits that during alleged time period Lehman Bros. litigation was pending against the Debtor.  Black states that the judgment entered against the Debtor in the Lehman Bros. litigation speaks for itself.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied

98.    The allegations in Paragraph 98 contain conclusions of law to which no response is required.

99.    Denied.

100.    The allegations in Paragraph 100 contain conclusions of law to which no response is required.

101.    Denied.

102.    Denied.

103. Denied.

## COUNT IV
### (Unjust Enrichment)

104. The Defendant incorporates by reference his answers to paragraphs 1 through 103 of the Complaint.

105. Black admits that he received distributions and compensation from the Debtor during the alleged time period. Black is without knowledge or information sufficient enough to form a belief as to the exact amount of distributions and compensation he received. Black denies the remaining allegations in Paragraph 105.

106. Black admits that during alleged time period Lehman Bros. litigation was pending against the Debtor. Black states that the judgment entered against the Debtor in Lehman Bros. litigation speaks for itself.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

## FIRST AFFIRMATIVE DEFENSE

The Trustee's has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Bankruptcy Court lacks jurisdiction over this matter as it involves non-core matters and Black has demanded a jury trial.

## THIRD AFFIRMATIVE DEFENSE

The Trustee's claims against Black are barred or limited by the doctrine of laches, waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

The Trustee's claims against Black are barred or limited by the doctrine set-off.

## DAVID W. BLACK DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE

DAVID W. BLACK

By his attorney,

/s/ Ryan M. MacDonald
Thomas S. Vangel, Esq. BBO #552386
Ryan M. MacDonald, BBO #654688
Murtha Cullina LLP
99 High Street
Boston, Massachusetts 02110-2320
Telephone: 617.457.4000
Facsimile: 617.482.3868
rmacdonald@murthalaw.com

Dated: September 20, 2016

## CERTIFICATE OF SERVICE

I, Ryan M. MacDonald, hereby certify that this document was filed through the Court's ECF System and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Ryan M. MacDonald
Ryan M. MacDonald

7309105v1